UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DEZERAY M. ROBLERO-BARRIOS, | Civil File No. 07-4311 (MJD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAVE PINGRY, JACK ERSKINE, LORI ALDRINE, TERRANCE "TERRY" KENIESAL, TIM GORR, JAMES "JAMIE" JUNGERS, THANE MURPHY, CATHY CANILLA, REBECCA SEBOE, and JOHN AND JANE DOES, | |
| Defendants, | |

Plaintiff initiated this case by filing a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) However, when Plaintiff filed this action, he was an inmate at the Washington County Jail in Stillwater, Minnesota, so his IFP application was subject to the filing fee requirements prescribed by the Prison Litigation Reform Act. (See 28 U.S.C. §§ 1915(b) and 1915(h).) Plaintiff was therefore advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $19.78, as required by 28 U.S.C. § 1915(b)(1). (Order dated November 2, 2007; [Docket No. 3].)

Plaintiff recently paid his initial partial filing fee, (Docket No. 6), so his IFP application can now be addressed. The matter has been assigned to the undersigned Magistrate Judge of the District Court for a Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## I. BACKGROUND

At the beginning of January 2007, Plaintiff was a civilly committed detainee who was being held at the Minnesota Sexual Psychopathic Personality Treatment Center, ("MSPPTC"), in Moose Lake, Minnesota. On January 18, 2007, Defendant James Jungers, (presumably an employee at MSPPTC), allegedly informed Plaintiff that state criminal charges were being brought against him for fourth degree assault. Plaintiff has provided no information about the circumstances that precipitated those alleged charges.

On January 19, 2007, Defendants Jungers, Thane Murphy, Dave Pingry, Rebecca Seboe, and John Doe and/or Jane Doe, allegedly apprehended Plaintiff at MSPPTC. One or more of those Defendants, (not specifically identified by name), allegedly placed handcuffs on Plaintiff. Defendants Seboe, Jungers and/or Murphy, allegedly placed Plaintiff under arrest for two counts of fourth degree assault, and transported him to the Carlton County Jail, in Carlton, Minnesota.

While Plaintiff was being transported to the jail he allegedly asked someone if he could call his attorney. Defendant Seboe allegedly told Plaintiff that he would be allowed to call his attorney after he arrived at the jail. However, Plaintiff alleges that he was not allowed to call his attorney after he reached the jail. He further alleges that he "was booked and arrested without being read his rights." (Complaint, [Docket No. 1], p. 6.) On January 22, 2007, Plaintiff allegedly "was released back to MSPPTC pending adjudication of the criminal charges." (Id.)

2

Two days after Plaintiff returned to MSPPTC he allegedly asked someone to preserve a videotape that allegedly was made of the incident that led to the assault charges against him.  (Id.)  The following day, he allegedly was informed by Defendant Cathy Canillia that his request to preserve the videotape was "reject[ed]."  (Id.)  At a later court hearing in the criminal case stemming from the assault charges, Canillia allegedly claimed that Defendant Lori Aldrine had told her to reject Plaintiff's request to preserve the videotape.  (Id.)  Plaintiff further alleges that during the same court hearing Defendant Terrance Keniesal claimed no one had ever requested that the videotape be preserved.

On August 22, 2007, the assault charges against Plaintiff were dismissed, allegedly because a key piece of evidence – namely the videotape – had been destroyed.  There are no allegations suggesting that the charges were, or are likely to be, refiled.

As noted above, Plaintiff is presently seeking relief under 42 U.S.C. § 1983.  Plaintiff claims that:

(1) One or more unidentified Defendants allegedly violated his constitutional right to due process by destroying the videotape of the incident that caused him to be charged with fourth degree assault.

(2) One or more unidentified Defendants allegedly violated his constitutional rights by not "reading Plaintiff his rights" when he was arrested.

(3) Defendant Seboe violated his constitutional rights by arresting him "without sufficient cause."

(4)  One or more unidentified Defendants violated his constitutional rights under the Eighth Amendment by "excessive use of force" when he was handcuffed.

(5) One or more unidentified Defendants violated his constitutional rights by denying

3

his request to contact his attorney at the time of his arrest.

Plaintiff is seeking a judgment that would require the named Defendants to pay him compensatory and punitive damages for the alleged violations of his constitutional rights. He is also seeking a judgment that would require cameras to be placed at various locations at MSPPTC, and would require the assault charges to be expunged from his record at MSPPTC.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). See also Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) ("[u]nder section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed in forma pauperis 'at any time if ... the action ... fails to state a claim on which relief may be granted'").[1]

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege historical facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may

---

[1] As previously noted, when Plaintiff commenced this action, he was confined at the Washington County Jail. He was later transferred to the Carlton County Jail. However, he has just recently informed the Court that he has now been returned (again) to MSPPTC. Based on that information, the Court will assume, (for present purposes only), that Plaintiff is not currently a "prisoner" for PLRA purposes, and that his current pleading is not subject to initial screening under 28 U.S.C. § 1915A. However, 28 U.S.C. § 1915(e)(2)(B)(ii) is applicable to all litigants who seek IFP status, (whether prisoners or not), and Plaintiff's current complaint is properly reviewable under that statute.

not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Furthermore, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing.  Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).  See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").  Thus, in order to state a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

Here, the Court finds that Plaintiff's complaint fails to state any actionable § 1983 claim, for the reasons discussed below.

A. Destruction of Evidence Claim

Plaintiff initially claims that some unidentified Defendant(s) deprived him of his constitutional right to due process, by allegedly "destroying critical evidence" – namely the alleged videotape of the incident that precipitated the assault charges against Plaintiff.

To plead an actionable due process claim, a complainant must allege facts showing that he was deprived of some constitutionally protected life, liberty or property interest, without being afforded the procedural protections of due process.  See Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake").

In this case, there are no allegations suggesting that Plaintiff was deprived of any

5

life, liberty or property interest because of the alleged destruction of the videotape. In fact, Plaintiff's complaint indicates that the assault charges against him were <u>dismissed</u> because the videotape at issue could not be produced during the course of the state criminal case involving the assault charges. Thus, Plaintiff cannot show that the destruction of the videotape caused him to be deprived of any liberty interest, (or any other constitutionally protected interest). To the contrary, it appears that in this case, the destruction of the videotape evidence actually <u>secured</u> Plaintiff's liberty, by causing the criminal charges against him to be dismissed.

Because there are no allegations showing that the destruction of the videotape caused Plaintiff to be deprived of any constitutionally protected life, liberty or property interest, he cannot maintain a due process claim based on the alleged destruction of the videotape.

B. <u>Miranda Rights Claim</u>

Plaintiff also seeks relief under § 1983 because some unidentified Defendant(s) allegedly violated his constitutional rights by "not reading Plaintiff his rights" – presumably meaning the rights established by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). However, the Eighth Circuit Court of Appeals has repeatedly held that "a litigant cannot maintain an action under § 1983 based on a violation of the <u>Miranda</u> safeguards." <u>Hannon v. Sanner</u>, 441 F.3d 635, 636 (8th Cir. 2006). <u>See</u> <u>also</u> <u>Brock v. Logan County Sheriff's Dep't</u>, 3 F.3d 1215, 1217 (8th Cir.1993) (<u>per</u> <u>curiam</u>) ("[t]he remedy for [an] alleged <u>Miranda</u> violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action"); <u>Warren v. City of Lincoln, Neb.</u>, 864 F.2d 1436, 1442 (8th Cir.) (<u>en</u> <u>banc</u>), <u>cert</u> <u>denied</u>, 490 U.S. 1091 (1989) (same). Therefore, Plaintiff cannot sue any of the named Defendants for

allegedly failing to read his Miranda rights to him.

### C. Insufficient Evidence Claim

Plaintiff also claims that Defendant Seboe violated his constitutional rights by arresting him "without sufficient cause." This claim fails because Plaintiff has alleged no facts to support it. Plaintiff has pleaded nothing more than a legal conclusion – i.e., that he was arrested without probable cause. That is not sufficient. "Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (emphasis added). Again, Plaintiff's complaint does not describe any of the circumstances surrounding his arrest. More specifically, Plaintiff has not alleged any facts, which, if proven true, would establish that Defendant Seboe violated his federal constitutional rights by arresting him.

### D. Excessive Use of Force Claim

Plaintiff also claims that his constitutional rights were violated because some unidentified Defendant(s) put handcuffs on him too tightly. Plaintiff alleges that his hands became "numb," and that there were "heavy indentations from the cuffs." However, there are no allegations suggesting that Plaintiff suffered any serious or permanent injuries as a result of the handcuffs that were placed on him.

The Eighth Circuit Court of Appeals has held that "allegations of pain as a result of being handcuffed, without some evidence of more permanent injury" are not sufficient to support a § 1983 claim for use of excessive force. Foster v. Metropolitan Airports Com'n, 914 F.2d 1076, 1082 (8th Cir. 1990). Even though the claimant in Foster allegedly suffered "nerve damage" from being handcuffed too tightly, the Court held that a § 1983 excessive force claim could not be sustained in the absence of "medical records indicating...

7

long-term injury as a result of the handcuffs." Id. See also Crumley v. City of St. Paul, Minn., 324 F.3d 1003, 1008 (8th Cir.2003) ("for the application of handcuffs to amount to excessive force there must be something beyond allegations of minor injuries"); Giddens v. Porras, Civil No. 05-1763 (JNE/RLE), (D.Minn. 2006), 2006 WL 2502261 at *7 (excessive force claim dismissed because § 1983 claimant failed to show that allegedly painful handcuffing "resulted in an actual, serious injury").

Because there are no allegations in the current complaint which suggest that Plaintiff suffered any actual, serious injury as a result of being handcuffed, the complaint fails to state an actionable excessive force claim.

### E. Denial of Counsel Claim

Lastly, Plaintiff claims that he was deprived of his constitutional right to counsel, because he was not allowed to call his lawyer when he was arrested and taken to the Carlton County Jail. This claim fails because the complaint contains no allegations showing that Plaintiff was denied the right to counsel <u>at any time when the constitutional right to counsel was applicable</u>. The constitutional right to counsel does not accrue until "at or after the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment or arraignment." Kirby v. Illinois, 406 U.S. 682, 689 (1972). See also Warren, 864 F.2d at 1442 (§ 1983 claimant's "sixth amendment right to counsel also was not violated, as that right had yet to attach" because he "never was subjected to adversary judicial criminal proceedings such as formal charges, arraignment, or indictment").

In this case, Plaintiff alleges only that he was not allowed to contact an attorney

8

during the period immediately after he allegedly was arrested and taken to jail. There are no allegations suggesting that any named Defendant caused him to be denied the right to counsel after he was formally charged with a crime, or during any investigatory interrogation,[2] or at any other time when the constitutional right to counsel was applicable. Therefore, Plaintiff has not pleaded an actionable Sixth Amendment § 1983 claim against any named Defendant.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).[3]

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

---

[2] "The Fifth Amendment protection against compelled self-incrimination provides the right to counsel at custodial interrogations." Michigan v. Jackson, 475 U.S. 625, 629 (1986). Here, however, Plaintiff does not allege that he was interrogated, for the purpose of obtaining evidence relevant to his alleged crimes, without being afforded the right to counsel.

[3] Based on Plaintiff's assertion that he is no longer in jail, the Court will not recommend that Plaintiff be required to pay the unpaid balance of the filing fee for this case pursuant to 28 U.S.C. § 1915(b)(2). At the same time, the Court is not aware of any legal authority that would require the Clerk of Court to refund the initial partial filing fee that he was properly ordered to pay pursuant to § 1915(b)(1).

   2.  This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: January 15, 2008

                                          s/ *Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 4, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.